Sheldon H. Gopstein, Esq.
LAW OFFICES OF SHELDON H. GOPSTEIN
130 West 42nd Street, Suite 410
New York, NY 10036
Tel. 212-363-2400
E-mail: sglaw@optonline.net

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

RBCI HOLDINGS, INC.  f/k/a RHEINGOLD
BREWING COMPANY, INC.

                                        CIVIL NO. 07-02877 (DC)

                    Plaintiff,

        -against-

DRINKS AMERICAS HOLDINGS, LTD.

                    Defendant.

---------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF STANDING AND LACK OF SUBJECT MATTER
## JURISDICTION UNDER FRCP RULE 12(b)(1) AND
## FOR FAILURE TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN
## BE GRANTED UNDER FRCP RULE 12(b)(6)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT                                                      p. 1

FACTUAL BACKGROUND                                                         p. 1

ARGUMENT                                                                   p. 3

   I.    Plaintiff lacks standing to bring causes of action under the Lanham Act    p. 3

        *1.  Plaintiff lacks standing to bring an action for trademark infringement*    p. 4
             *under 15 U.S.C. 1114*

        *2.  Plaintiff lacks standing to bring an action for trademark infringement*    p. 5
             *under 15 U.S.C. 1125 (a)*


   II.    Plaintiff's complaint fails to state a claim upon which relief can be granted    p. 8
        *1. No likelihood of confusion*    p. 9
        *2. No use of the trademark in interstate commerce*    p. 10


   III.    Plaintiff's remaining claims are brought under supplemental jurisdiction and    p. 11
           should be dismissed

# TABLE OF AUTHORITIES

## CASES

Blazon, Inc. v. DeLuxe Game Corp., 268 F.Supp. 416 (D.C.N.Y. 1965).    p. 10

DEP Corp. v. Interstate Cigar Co, Inc., 622 F2.d 621, 622 (2d Cir. 1980).    p. 4

Havana Club Holding, S.A. v.. Galleon, S.A., 62 F.Supp.2d 1085, 1097 (S.D.N.Y.1999)    p. 6

In Gully v. First Nat. Bank in Meridian, 299 U.S. 109, 113, 57 S.Ct. 96, 98 (1936),    P 7.

Jackson Nat'l Life Inc. Co. v. Merrill Lynch & Co, 32 F.3d 697, 699-700 (2nd Cir. 1994).    p. 8

Automated salvage Transport, Inc. v. Wheelabrator Environmental Svs, Inc., 155 F.3d 59,    p. 8
67 (2d Cir. 1998).

Montellito v. Nina California, Inc., 335 F. Supp. 1288 ( S.D.N.Y. 1972).    p. 9

Silverstar Enterprises, Inc. v. Aday, 537 F.Supp. 236 (D.C.N.Y., 1982)    p. 9

Societe Des Hotels Meridien v. LaSalle Hotel Operating Partnership, 380 F.3d 126, 130    p. 5, 11
(2d. Cir. 2004), citing Ortho Pharm. Corp. v. Cosprophar, Inc., 32 F.3d 690, 694 (2d Cir.
1994)

Staron v. Mc. Donald's Corp., 51 F.3d 353, 355 (2d Cir. 1995).    p.8

## STATUTES

Fed.R.Civ.P. 12(b)(1) & (6)    p. 1, 8

15 U.S.C. 1051 et seq.    p. 3

15 U.S.C. 1114 (1)    p. 3 et seq.

15 U.S.C. 1125(a)    p. 3 et seq

15 U.S.C. 1127    p. 4

COMES NOW, defendant Drinks Americas Holdings, Ltd. ("Drinks Americas"), without submitting to the jurisdiction of the Court, through the undersigned counsel, and pursuant to Fed.R.Civ.P. 12(b)(1) & (6) hereby moves to dismiss this action filed by plaintiff for lack of subject matter jurisdiction and/or failure to state a claim upon which relief may be granted.

## PRELIMINARY STATEMENT

In its original complaint, plaintiff only claimed common law state causes of action for breach of contract against defendant and alleged that federal jurisdiction was based on diversity. After Drinks Americas pointed out to plaintiff that there was no diversity in this action, plaintiff amended its complaint to include a cause of action for trademark infringement against defendant.   Plaintiff's cause of action for trademark infringement is a flawed attempt to secure federal jurisdiction over what is nothing more than a contract dispute between the parties.   Defendant will show that plaintiff lacks standing to bring any claims under the Lanham Act or, in the alternative, that plaintiff failed to state a cause of action under the Lanham Act.   Because no diversity jurisdiction exists in this matter and all remaining causes of action do not arise under Federal law, plaintiff's complaint must be dismissed in its entirety for lack of subject matter jurisdiction.

## FACTUAL BACKGROUND

On August 22, 1997, plaintiff entered into a trademark license agreement with a third-party, the Stroh Brewery Company, for the use of the beer brand "Rheingold" (the "License Agreement").   Affirmation of Sheldon H. Gopstein (hereinafter "*the Gopstein Affirmation*"), Ex. A.   The License Agreement expressly states that the licensee acknowledges the licensor's ownership of the trademark (*Gopstein Affirmation*, Ex A., ¶

1

4.a), that the licensor has the sole authority to register the trademark (*Gopstein Affirmation*, Ex A., ¶ 4.b) as well as the sole right to determine whether or not any action may be taken for trademark infringement (*Gopstein Affirmation* , Ex A., ¶ 7).

In 1999, Stroh Brewery Company assigned its "Rheingold" trademark to Pabst Brewing Company.  Pabst Brewing Company is the current owner of the "Rheingold" trademark.  *Gopstein Affirmation*, Ex. B.

On October 27, 2005, plaintiff and Drinks Americas entered into an Asset Purchase Agreement (the "APA").  The APA provided for the purchase by Drinks Americas of some of plaintiff's assets, including all the intellectual property rights held by plaintiff in connection with the use of the "Rheingold" trademark.  *Gopstein Affirmation*, Ex. C, ¶ 2.1.  Pursuant to the APA, the trademark license was assigned to Drinks Americas, who became and has been since then the sole licensee of the Rheingold trademark.  Notice of the sale of the license agreement by plaintiff to defendant was duly given to the owner of the trademark, Pabst Brewing America, who consented to such sale.  *Gopstein Affirmation*, Ex. C, ¶ 6.1.k.1.

Pursuant to section 7.6 of the APA, plaintiff was required to promptly change its corporate name to a name not containing the word "Rheingold".  *Gopstein Affirmation*, Ex. C, ¶ 7.6.

Under the APA, the purchase price for the assets of plaintiff was set at $1,150,000, payable in two installments, the first at closing ($650,000 comprised of defendant's stock) and the second to be delivered at the first anniversary thereof ($500,000 comprised of $150,000 cash and the rest in defendant's stock).  *Gopstein Affirmation*, Ex. C, ¶3.2.  In October 2005, Drinks Americas made the first payment and

2

took possession the purchased assets.    Soon thereafter, it appeared that plaintiff had substantially misrepresented the value of its assets and liabilities and materially breached the representations and warranties made under the APA.    Pursuant to the terms of the APA, plaintiff's material default under the APA entitled Drinks Americas to abstain from making the second payment.

## ARGUMENT

### I.   Plaintiff lacks standing to bring causes of action under the Lanham Act

In its amended complaint, plaintiff seeks a declaratory judgment of trademark infringement under 15 U.S.C. 1051 et seq. but does not otherwise indicate under which provision of the Lanham Act it is basing its trademark infringement claim.    Plaintiff alleges that it has "constructive claims" of trademark rights (*Gopstein Affirmation*, Ex. D Amended Complaint, ¶ 49), and that defendant's use of the trademark is likely to cause confusion, mistake and deception among the general public as to the origin of the products distributed under the trademark (*Gopstein Affirmation*, Ex. D Amended Complaint, ¶ 45).    Defendant will examine herein sections 32 and 43 of the Lanham Act, which provide for remedies for trademark infringement, and show that plaintiff lacks standing to bring claims under either section.    Defendant will show that plaintiff lacks standing to bring a trademark infringement claim under section 32 of the Lanham Act (15 U.S.C. 1114) because it is not the registered owner of the disputed trademark.    Defendant will also show that plaintiff lacks standing to bring a trademark infringement claim under section 43 (a) of the Lanham Act, 15 U.S.C. 1125(a), because it is not a current user of the disputed trademark.

### 1. *Plaintiff lacks standing to bring an action for trademark infringement under 15 U.S.C. 1114*

Section 32 of the Lanham Act, 15 U.S.C. 1114 (1), provides that an action for trademark infringement may only be brought by the registrant of the mark.  Under 15 U.S.C. 1127, the term "registrant" embraces the legal representatives, predecessors, successors and assigns of such registrant. <u>DEP Corp. v. Interstate Cigar Co, Inc</u>., 622 F.2d 621, 622 (2d Cir. 1980).  In DEP, the Second Circuit affirmed the lower court's dismissal of plaintiff's Lanham Act claims because it did not have any property right in the mark and therefore lacked standing to seek relief under section 32 of the Lanham Act.

As demonstrated by the trademark registration attached as Exhibit B to the Gopstein Affirmation, the trademark registrant is Pabst Brewery Company.   Plaintiff is neither a predecessor nor successor nor an assign of Pabst Brewery Company.   The License Agreement originally granted to plaintiff does not establish the licensee as a legal representative of the licensor; on the contrary, the License Agreement expressly states the licensor retains ownership of the trademark (*Gopstein Affirmation*, Ex A., ¶ 4.a), as well as sole authority to register the trademark and to determine whether or not any action may be taken for trademark infringement (*Gopstein Affirmation* , Ex A., ¶ 7).  Moreover, since plaintiff assigned the License Agreement to defendant with the consent of the registrant (see *Gopstein Affirmation*, Ex. C, ¶ 6.1.k.1.), it could not possibly claim that it is the legal representative of the registrant.  Based on the above, it is clear that plaintiff is not a registrant entitled to relief under 15 U.S.C. 1114.

## 2. *Plaintiff lacks standing to bring an action for trademark infringement under 15 U.S.C. 1125 (a)*

Section 43 (a) of the Lanham Act, 15 U.S.C. 1125 (a), prohibits in pertinent part the use of false advertising when such use is likely to cause confusion, mistake, or deceit.

> *15 U.S.C. 1125 (a)*
>
> *(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—*
>
> *(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or*
>
> *(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,*
>
> *shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.*

Unlike Section 32 of the Lanham Act, which grants a right of action solely to the registrant of a trademark, Section 43(a) permits any person who believes that he or she is likely to be damaged by the proscribed conduct to bring a civil action. The courts in this Circuit have consistently ruled that to establish standing for a false advertising claim under section 43 (a) of the Lanham Act, the aggrieved party must demonstrate "*a reasonable interest to be protected against the false or misleading claims, and a reasonable basis for believing that this interest is likely to be damaged by the false or misleading advertising*". Societe Des Hotels Meridien v. LaSalle Hotel Operating Partnership, 380 F.3d 126, 130 (2d. Cir. 2004) (citing Ortho Pharm. Corp. v. Cosprophar, Inc., 32 F.3d 690, 694 (2d Cir. 1994)). To have standing to bring a section 43 (a) claim, a

plaintiff must demonstrate that it has *"the potential for a commercial or competitive injury, or, in other words, that the false designation of defendant's product is likely to cause plaintiff to suffer a loss in sales"* <u>Havana Club Holding, S.A. v.. Galleon, S.A.</u>, 62 F.Supp.2d 1085, 1097 (S.D.N.Y.1999) (internal quotation omitted) (finding no standing because the plaintiff could not lose any sales as a result of defendant's competition, as plaintiff was prevented from importing its products to America in any event because of a trade embargo).

Here, plaintiff could not possibly show any lost sales as a result of defendant's use of the trademark. Plaintiff does not allege that it is or that it ever was the owner of the trademark "Rheingold". Plaintiff admits that the right to use the trademark "Rheingold" in commerce was transferred to defendant Drinks Americas on October 27, 2005 with the consent of the trademark owner, Pabst Brewery Company. *Gopstein Affirmation*, Ex. C, ¶ 2.1. Ever since that date, it is Drinks Americas and not plaintiff that has the <u>exclusive</u> right to use the disputed trademark, with the consent of the trademark owner, Pabst Brewery Company. Because plaintiff is not using the disputed trademark in commerce and has no right to do so, there is no likelihood of consumer confusion between plaintiff and defendant's products, and no possibility of sales diversion. Plaintiff's claim that defendant's use of the disputed trademark is likely to deceive the general public into believing that its products originate from plaintiff is simply ludicrous.

Plaintiff claims that under section 3.3 of the APA, the Rheingold license was automatically reassigned to plaintiff due to Drinks America's failure to make the second installment payment. However, contrary to plaintiff's conclusory allegation, reassignment of the license agreement is not an automatic consequence of defendant's

failure to pay the second installment, and such reassignment has <u>not</u> taken place.  Per the terms of section 3.3 of the APA, such reassignment is subject to the provisions of the License Agreement itself, and any applicable laws and regulations.  Under the terms of the License Agreement, the trademark license cannot be (re)assigned without the prior consent of the licensor, Pabst Brewery Company (*Gopstein Affirmation*, Ex. A ¶ 11).  In addition, the reassignment is conditioned upon a default by Drinks America under the APA.   The question whether defendant is in default under the APA is a purely contractual dispute to be determined under New York State law.  Until such time as there is a judicial determination on the question whether defendant is in default under the APA, plaintiff's trademark infringement claim is not ripe, since defendant remains the exclusive licensee of the disputed trademark.   In <u>Gully v. First Nat. Bank in Meridian</u>, 299 U.S. 109, 113, 57 S.Ct. 96, 98 (1936), Justice Cardozo stated that a conjectural controversy is not sufficient for a claimant to request protection of the federal laws: "How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. (…) A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto and the controversy must be disclosed upon the face of the complaint (…)." (citations omitted).  Plaintiff's claim for possible false advertising is not ripe. As such, it has no standing and its trademark infringement claim should be dismissed.

Moreover, even if this Court were to determine on a summary judgment motion that the trademark was automatically reassigned to plaintiff under the APA, plaintiff would still lack standing to bring any cause of action for trademark infringement because section 7 of the License Agreement itself expressly reserves to Licensor (Pabst Brewery

Company) the sole right to determine whether or not any action should be taken and prohibits the licensee from instituting any such suit without first obtaining the written consent of the Licensor (*Gopstein Affirmation*, Ex. A ¶ 7).

Plaintiff is not a current user of the trademark and has no possible claim under section 43(a) of the Lanham Act.  Plaintiff's trademark infringement cause of action should therefore be dismissed for lack of standing under Fed. R. Civ. P. Rule 12 (b)(1).

## II. Plaintiff's complaint fails to state a claim upon which relief can be granted

A motion to dismiss based upon Fed/ R. Civ. P. rule 12 (b)(6) should be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitled him to relief".  Staron v. Mc. Donald's Corp., 51 F.3d 353, 355 (2d Cir. 1995).  On a rule 12(b)(6) motion, the Court must read the pleadings as a whole and must take the facts allege in the complaint as true and draw all reasonable inferences in favor of plaintiff.  Jackson Nat'l Life Inc. Co. v. Merrill Lynch & Co, 32 F.3d 697, 699-700 (2nd Cir. 1994).  The Court may consider only facts stated on the face of the pleading and in documents appended to the complaint and incorporated in the pleading, as well as matters of which judicial notice may be taken.  Automated salvage Transport, Inc. v. Wheelabrator Environmental Svs, Inc., 155 F.3d 59, 67 (2d Cir. 1998).

Defendant will show herein that even if this Court were to find that plaintiff has standing to bring a trademark infringement claim against defendant, such claims should fail because there is no possible confusion since the beer products manufactured under the License Agreement would be produced by the same contract brewer and would be indistinguishable.  In addition, defendant is not currently using the trademark in interstate commerce, as it is engaged in a New York State Court lawsuit with the distributor,

Manhattan Beer Distributors, Inc.[1], due to misrepresentations made by plaintiff under the APA.   In the interest of judicial economy, it might be necessary to consolidate this case with the pending action in New York State Supreme Court.

### *1. No likelihood of confusion*

The basis for an action under section 43(a) is the use of the mark in interstate commerce that is likely to confuse or deceive consumers as to the source of the goods. Montellito v. Nina California, Inc., 335 F. Supp. 1288 (S.D.N.Y. 1972).

Here, the License Agreement requires the licensee to produce the Rheingold beer with a contract brewer under a contract brewing agreement with the licensor (*Gopstein Affirmation*, Ex. C ¶ 5.d). Defendant used the same manufacturer as was used by plaintiff to manufacture the beer products under the Rheingold trademark. Under the terms of the License Agreement, the contract brewer would need to be used by plaintiff if the License Agreement was reassigned to plaintiff. Because the products distributed by defendants under the trademark would be indistinguishable from the products that would be distributed by plaintiff if it had the right to use the trademark, there could be no possible consumer confusion as to the source of the goods. See Silverstar Enterprises, Inc. v. Aday, 537 F.Supp. 236 (D.C.N.Y., 1982), in which the Court ruled that a licensee's causes of action for trademark infringement against its licensor should be dismissed for failure to state a cause of action due to the fact that both the licensee or and licensee used the same merchandiser: "It appears that there will be only one source of the goods in question and that no confusion will result". Similarly, here, the beer product would

---

1 Manhattan Beer Distributors vs. RBCI Holdings, Inc. and Drinks Americas Holdings, Ltd, Supreme Court, Bronx County, Index Number: 017776/2006

identical regardless of which party holds the trademark, no confusion could therefore result in the general public.

Based on the above, Plaintiff cannot possibly claim that Drinks Americas' use of the trademark is likely to deceive the public as to the origin of the goods distributed under the trademark.

### 2. No use of the trademark in interstate commerce

Section 43 (a) of Lanham Act authorizes an action by any person who claims that he is or is likely to be damaged by the use of the mark <u>in interstate commerce</u> that is likely to cause confusion or to deceive purchasers as to source or origin of the goods. <u>Mortellito v. Nina of California</u>, Inc., 335 F.Supp. 1288 (D.C.N.Y. 1972).

Under section 15 U.S.C.A. § 1127, the term "used in commerce" is defined in the statute as follows:

> For purposes of this chapter, a mark shall be deemed to be in use in commerce--
>
> **(1)** on goods when--
> **(A)** it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale, and
> **(B)** the goods are sold or transported in commerce.

The requirement of the statute that the goods upon which the false designation appears must enter into interstate commerce is not to be taken lightly since it is jurisdictional in nature. <u>Blazon, Inc. v. DeLuxe Game Corp</u>., 268 F.Supp. 416 (D.C.N.Y. 1965).

Here, defendant is not currently using the trademark in interstate commerce, due to an ongoing lawsuit with the distributor. The lawsuit with the distributor is a direct consequence of one of the numerous misrepresentations made by plaintiff under the

10

APA.   Since defendant is currently not using the mark in interstate commerce, plaintiff is not entitled to bring any claims under section 43 (a) of the Lanham Act.

**III.  Plaintiff's remaining claims are brought under supplemental jurisdiction and should be dismissed**

Plaintiff's remaining claims in the amended complaint are contractual claims: the first cause of action requests specific performance of the APA for the reassignment of the Rheingold trademark, and the third cause of action requests damages for breach of the APA.   Since all of plaintiff's remaining claims are based in state law and brought under supplemental jurisdiction, the amended complaint must be dismissed in its entirety as unsupported by any federal claims. Societe des Hotels Meridien v. LaSalle Operating Partnership, 380 F.3d. 126 (2d Cir. 2004).

**WHEREFORE**, based on the foregoing, defendant Drinks Americas Holdings, Ltd. respectfully requests the entry of an order dismissing plaintiff's complaint for lack of standing, lack of subject matter jurisdiction and due to plaintiff's failure to state a cause of action upon which relief can be granted, and such other relief as this Court may deem just, equitable and proper.

Dated: New York, New York
       September 14, 2007

                          Respectfully submitted,

                          LAW OFFICES OF SHELDON H. GOPSTEIN, ESQ.

                          By: _s/ Sheldon Gopstein_
                          Sheldon H. Gopstein
                          Attorneys for Defendant,
                          Drinks Americas Holdings, Ltd.
                          130 West 42nd Street, Suite 410
                          New York, NY 10036
                          Tel. 212-363-2400
                          E-mail: sglaw@optonline.net