UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| | : | |
| RBCI HOLDINGS, INC. f/k/a | : | |
| RHEINGOLD BREWING COMPANY, | : | CIVIL NO. 07-02877 (DC) |
| INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | *Document Filed Electronically* |
| -against- | : | |
| | : | |
| DRINKS AMERICAS HOLDINGS, LTD., | : | |
| | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

**PLAINTIFF RBCI HOLDINGS, INC.'S MEMORANDUM
OF LAW IN OPPOSITION TO DEFENDANT DRINKS
AMERICAS HOLDINGS, INC.'S MOTION TO DISMISS FOR LACK
OF STANDING AND LACK OF SUBJECT MATTER JURISDICTION UNDER
FRCP 12(b)(1) AND FOR FAILURE TO STATE A CAUSE OF ACTION UPON
WHICH RELIEF CAN BE GRANTED UNDER FRCP 12(b)(6)**

---

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................................................ii

PRELIMINARY STATEMENT ...................................................................................................1

SALIENT FACTUAL BACKGROUND ......................................................................................3

THE LEGAL STANDARD ..........................................................................................................5

POINT I - THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS FEDERAL
TRADEMARK ACTION ..............................................................................................................5

    1.  Plaintiff has standing to bring an action for unfair competition
       under 15 U.S.C. 1125(a) ...........................................................................................6

    2.  Plaintiff's trademark action is not merely incidental to its contract claims
       and the Amended Complaint states a federal cause of action................................9

POINT II - RBCI'S AMENDED COMPLAINT STATES A FEDERAL CLAIM UPON WHICH
RELIEF CAN BE GRANTED ....................................................................................................11

    1.  RBCI has sufficiently alleged the existence of a likelihood of confusion...........12

    2.  Defendant's reliance on allegations from an unrelated litigation involving a beer
       distribution is beyond the face of RBCI's Amended Complaint and is not an appropriate
       consideration on a Rule 12(b)(6) motion to dismiss. ...........................................14

CONCLUSION..........................................................................................................................17

# TABLE OF AUTHORITIES

**Cases**

Automated Salvage Transport, Inc. v. Wheelabrator Environmental Sys, Inc.,
  155 F.3d 59, 67 (2d Cir. 1998) ...................................................................................15

Bassett v. Mashantucket Pequot Tribe,
  204 F. 3d 343 (2d Cir. 2000) .....................................................................................10

Bell Atlantic Corp. v. Twombly,
  __ U.S. __; 127 S. Ct. 1955, 1965 (2007) ..................................................................5

Berni v. Int'l Gourmet Rests. Of Am., Inc.,
  838 F.2d 642 (2d Cir. 1988) .......................................................................................6

Calvin Klein Jeanswear Co. v. Tunnel Trading,
  2001 U.S. Dist. LEXIS 18738 (Nov. 16, 2001 S.D.N.Y.) ...........................................6

Daniel Wilson Productions, Inc. v. Time-Life Films, Inc.,
  736 F. Supp. 40 (S.D.N.Y. 1990) ................................................................................9

Exquisite Form Industries, Inc. v. Exquisite Fabrics of London,
  378 F. Supp. 403 (S.D.N.Y. 1973) ............................................................................11

Havana Club Holding, S.A. v. Galleon, S.A.,
  62 F. Supp. 2d 1085 (S.D.N.Y. 1999) .........................................................................8

Hill v. Chao,
  229 F. Supp. 2d 227 (S.D.N.Y. 2002) .........................................................................3

Iqbal v. Hasty,
  490 F.3d 143 (2d Cir. 2007). .......................................................................................5

Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.,
  146 F.3d 66 (2d Cir. 1998) ........................................................................................15

ITC Ltd. v. Punchgini, Inc.,
  482 F.3d 135 (2d Cir. 2007).........................................................................................6

Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.,
  32 F.3d 697 (2d Cir. 1994) ....................................................................................5, 12

Murphy v. Provident Mutual Life Ins, Co.,
  756 F. Supp. 83 (D. Conn. 1990), aff'd, 923 F.2d 923 (2d Cir. 1990) .........................6

National Lampoon, Inc. v. American Broadcasting Co., Inc.,
  376 F. Supp. 733 (S.D.N.Y. 1974), aff'd, 497 F.2d 1343 (2d Cir. 1974).....................6

Ortho Pharm. Corp. v. Cosprophar, Inc.,
  32 F.3d 690 (2d Cir. 1994) ..........................................................................................6

Pennacchio v. Powers,
  2007 U.S. Dist. LEXIS 8051 (February 5, 2007 S.D.N.Y.) .........................................9

Prince of Peace Enters. v. Top Quality Food Market, LLC,
    2007 U.S. Dist. LEXIS 16391 (Mar. 6, 2007 S.D.N.Y.) ................................6

Ryan v. Volpone Stamp Co.,
    107 F. Supp. 2d 369 (S.D.N.Y. 2000) ...............................................9, 10

Schieffelin & Co. v. Jack Co. of Boca, Inc.,
    725 F. Supp. 1314 (S.D.N.Y. 1989) ......................................................12

Silverstar Enters., Inc. v. Aday,
    537 F. Supp. 236 (S.D.N.Y. 1982) ...................................................6, 14

Societe Des Hotels Meridien v. LaSalle Hotel Operating Partnership,
    380 F.3d 126 (2d Cir. 2004) ................................................................6

Solow Bldg. Co., LLC v. Nine West Group, Inc.,
    2001 U.S. Dist. LEXIS 8848 (June 29, 2001 S.D.N.Y.) ...........................12

Starter Corp. v. Converse, Inc.,
    84 F.3d 592 (2d Cir. 1996) (internal citations omitted)..............................7

Textile Deliveries, Inc. v. Stagno,
    1990 U.S. Dist. LEXIS 13309 (October 9, 1990 S.D.N.Y.)........................14

**Rules**

Fed. R. Civ. P. 12.............................................................................1,3

**Other Authorities**

15 U.S.C. § 1125..............................................................................2

28 U.S.C. § 1338..............................................................................10

15 U.S.C. § 1051..............................................................................10

15 U.S.C. § 1121..............................................................................10

Plaintiff RBCI Holdings, Inc. ("RBCI" or "Plaintiff"), respectfully submits this Memorandum of Law in opposition to the motion to dismiss the Amended Complaint filed by Drinks Americas Holdings, Ltd. ("Drinks Americas" or "Defendant") pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons set forth herein, it is respectfully requested that the motion to dismiss be denied and the claims decided on their merits after full and fair discovery.

## PRELIMINARY STATEMENT

This is a dispute about Drinks Americas' future use of the trademark "Rheingold." Drinks Americas' current internet advertising states that its Rheingold Beer "is coming soon to markets across the country and around the world." See Drinks Americas' Internet Advertising for Rheingold Beer, downloaded October 2, 2007 (attached as Exhibit A to the Declaration of Jason S. Oliver). [1] While Drinks Americas might have once had the right to use the Rheingold Trademark, it does not have that right now.

As a result of Drinks Americas' intended actions, RBCI brought the current lawsuit. RBCI's complaint urges that this use would violate 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act). See Amended Complaint (attached as Oliver Dec. Ex. B).

Simply put, this action was brought in order to ensure that RBCI's future commercial and competitive interests are protected and are not abridged by Drinks Americas. RBCI has spent years advertising, marketing, promoting and selling its various products under the Rheingold Trademark. RBCI's efforts resulted in substantial goodwill being attached to the Rheingold Trademark. Drinks Americas' threatened activity will jeopardize and undercut RBCI's efforts.

---

[1]     Hereinafter, the "Oliver Dec."

As such, RBCI's claim here is both realistic and cognizable – and clearly confers standing to sue under the Declaratory Judgment Act and Section 43(a) of the Lanham Act.

Drinks Americas repeatedly urges this Court to look beyond RBCI's Amended Complaint and conclude that RBCI's trademark claim is merely incidental to an underlying contractual dispute regarding an Asset Purchase Agreement (the "APA") between the parties. However in addition to being factually incorrect, Drinks Americas' request that the Court dispatch with the plain language of the pleading contravenes the salient law.  Specifically, on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the Court is restricted to facts stated on the face of the pleading, documents appended to the complaint and incorporated in the pleading, as well as matters of which judicial notice may be taken.  This is a sufficient basis for denying Drinks Americas' request.  Contrary to Drinks Americas' assertions, RBCI's Amended Complaint alleges a violation of the Lanham Act on its face and requests declaratory relief and monetary damages flowing from that violation.  Accordingly, on its face, RBCI's Amended Complaint requires construction of the Federal Trademark Act.  Although RBCI's other claims contain contractual issues, there is no reason that this Court should not address both the trademark claim as well as the intertwined issues of contract law.  In fact, such a determination would promote overall judicial economy, as it would make little sense to have a state court adjudicating breach of contract issues and this Court deal with RBCI's claim arising under the Lanham Act.

Further, Defendant's position concerning its current lack of use of the Rheingold trademark due to a pending litigation is also inappropriate in the context of a Rule 12(b)(6) motion.  Not only is this clearly beyond the face of RBCI's Amended Complaint, but also it is

contradicted by Drinks Americas' own public statements regarding the future expansion and projected growth of the Rheingold brand.

## SALIENT FACTUAL BACKGROUND[2]

On August 22, 1997, RBCI acquired a ninety-nine year exclusive, worldwide license to use a portfolio of intellectual property, including the trademark "Rheingold" (the "Rheingold Trademark") in connection with the marketing, distribution and sale of beer products (the "Rheingold License").  See Amended Complaint (attached as Oliver Dec. Ex. B) at ¶ 6; and License Agreement between The Stroh Brewing Company and Rheingold Brewing Company LLC (attached as Oliver Dec. Ex. C).  RBCI immediately adopted and commenced use of the Rheingold Trademark.  See Amended Complaint (attached as Oliver Dec. Ex. B) at ¶ 7.  Through RBCI's efforts, the Rheingold Trademark became widely known through extensive advertising, promotional activities, marketing and sales by RBCI's various beer products.  Id. at ¶¶ 7-8.  The Rheingold Trademark and the goodwill embodied therein became of great value to RBCI and at all times prior to October 27, 2005, RBCI was engaged in the business of manufacturing, marketing and distributing beer products bearing the Rheingold Trademark.  Id. at ¶¶ 8-9.

On October 27, 2005, RBCI and Drinks Americas entered into an Asset Purchase Agreement (the "APA") whereby RBCI transferred to Drinks business assets in exchange for Drinks paying money to RBCI and assuming certain of RBCI's obligations.  See Amended Complaint (attached as Oliver Dec. Ex. B) at ¶¶ 10-11; Asset Purchase Agreement between RBCI and Drinks Americas (attached as Oliver Dec. Ex. D).  Included in these business assets was the Rheingold Trademark.  See Asset Purchase Agreement between RBCI and Drinks

---

[2]    The facts herein are taken from the facts stated in the Amended Complaint, documents attached thereto and documents incorporated by reference therein.  See e.g., Hill v. Chao, 229 F. Supp. 2d 227, 229-230 (S.D.N.Y. 2002).

Americas (attached as Oliver Dec. Ex. D) at ¶ 2.1.  As consideration for the business assets transferred by RBCI, Drinks Americas was required to tender two installment payments to RBCI: (1) an indeterminate number of shares of Drinks' Common Stock with a fair market value of $650,000 along with the immediate assumption of the Assumed Liabilities; and (2) $150,000.00 in cash and an indeterminate number of shares of Drinks Common Stock with a fair market value of $350,000.  Id. at ¶ 3.2.  Section 3.3 of the APA provides that in the event that Drinks defaulted in its obligation to make the second installment payment (i.e. the $150,000 in cash and $350,000 in stock), that "subject to the provisions of the Rheingold License and any applicable laws and regulations, the Rheingold License shall be deemed reassigned from [Drinks Americas] to RBCI." Id. at ¶ 3.3.

Drinks Americas failed to make ***any*** portion of the second installment payment to RBCI. See Amended Complaint (attached as Oliver Dec. Ex. B) at ¶ 21.  As a result of the non-payment of the second installment, all rights to the Rheingold Trademark and associated business goodwill reverted to RBCI.  Id. at ¶ 19; Asset Purchase Agreement between RBCI and Drinks Americas (attached as Oliver Dec. Ex. D) at ¶ 3.3.  However, Drinks Americas refused, and continues to refuse to reassign the Rheingold Trademark to RBCI.  See Amended Complaint (attached as Oliver Dec. Ex. B) at ¶ 27.

Drinks Americas' refusal to reassign the Rheingold Trademark to RBCI is not difficult to understand – Drinks Americas continues to utilize and/or indicate its intent to utilize the Rheingold Trademark.  Id.  Further, Drinks Americas has made public statements regarding the future expansion and projected growth of the Rheingold brand.  Id. at ¶¶ 42-44.  Specifically, in addition to proudly displaying various iterations of the Rheingold Trademark on its public website, Drinks Americas advertises that "Rheingold is currently available in thousands of

locations in the New York metro area, and is coming soon to markets across the country and around the world." See Drinks Americas' Internet Advertising for Rheingold Beer, downloaded October 2, 2007 (attached as Oliver Dec. Ex. A) and Amended Complaint (attached as Oliver Dec. Ex. B) at ¶ 25.

## THE LEGAL STANDARD

In considering a motion to dismiss pursuant to either Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6), the Court must accept "as true the facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor."[3]  A recent U.S. Supreme Court decision requires factual allegations to "raise a right to relief above the speculative level."[4]  Additionally, the Second Circuit Court of Appeals has interpreted the Supreme Court's decision in Bell Atlantic Corp. v. Twombly to "oblige[ ] a pleader to amplify a claim with some factual allegations . . . to render the claim plausible."[5]  Therefore, at this stage in the litigation, this Court's review is a limited one.

## POINT I

## THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS FEDERAL TRADEMARK ACTION

It is beyond cavil that RBCI has standing here.  Drinks' assertion regarding standing under section 32 of the Lanham Act is diversionary at best.  Simply put, Plaintiff RBCI has brought its claim pursuant to Section 43(a) of the Lanham Act for which there is no restriction that the plaintiff be the owner of a registered trademark.  Additionally, where RBCI has properly plead a cause of action on the face of its Amended Complaint arising under the federal laws of

---

[3]    Jackson Nat' l Life Ins. Co. v. Merrill Lynch & Co., 32 F.3d 697, 699-700 (2d Cir. 1994).

[4]    Bell Atlantic Corp. v. Twombly, __ U.S. __; 127 S. Ct. 1955, 1965 (2007).

[5]    Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007).

the United States and seeking remedies which stem from its federal rights, the District Courts
have subject matter jurisdiction to adjudicate such actions.

1.    **Plaintiff has standing to bring an action for unfair competition under 15 U.S.C.
       1125(a).**

Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), expressly provides that "any
person who believes that he is or is likely to be damaged" by the use of any such false
description or representation may bring a civil action under that section.  Thus, where a party
utilizes a trademark, such as a licensee, standing is conferred by the **use** of the trademark rather
than **ownership** of that trademark.[6]

As Drinks Americas correctly points out in its moving papers, the Second Circuit has
held that in order to establish standing under section 43(a) of the Lanham Act, the aggrieved
party must demonstrate "a reasonable interest to be protected against the false or misleading
claims, and a reasonable basis for believing that this interest is likely to be damaged by the false
or misleading advertising."[7]  However, Courts of this Circuit have clarified that the "'reasonable
interest prong' of this test includes commercial interests, direct pecuniary interests, and even a
*future potential for commercial or competitive injury*."[8]

---

[6]    Prince of Peace Enters. v. Top Quality Food Market, LLC, 2007 U.S. Dist. LEXIS 16391, at * 11
(Mar. 6, 2007 S.D.N.Y.) (citing Calvin Klein Jeanswear Co. v. Tunnel Trading, 2001 U.S. Dist. LEXIS
18738, at *18 (Nov. 16, 2001 S.D.N.Y.) ("Courts have consistently recognized that this broad language
confers standing on trademark licensees.")); Murphy v. Provident Mutual Life Ins, Co., 756 F. Supp. 83,
86 (D. Conn. 1990), aff'd, 923 F.2d 923 (2d Cir. 1990) ("The question of ownership is immaterial to
standing under § 43(a), since standing may lie with mere users of trademarks."); Silverstar Enters., Inc. v.
Aday, 537 F. Supp. 236, 241 (S.D.N.Y. 1982) (recognizing that because § 1125(a) is broader than § 1114,
users of trademarks who do not own the trademarks can have standing to sue).

[7]    Societe Des Hotels Meridien v. LaSalle Hotel Operating Partnership, 380 F.3d 126, 130 (2d Cir.
2004) (citing Ortho Pharm. Corp. v. Cosprophar, Inc., 32 F.3d 690, 694 (2d Cir. 1994).

[8]    ITC Ltd. v. Punchgini, Inc., 482 F.3d 135, 169-170 (2d Cir. 2007); Berni v. Int'l Gourmet Rests.
Of Am., Inc., 838 F.2d 642, 648 (2d Cir. 1988); National Lampoon, Inc. v. American Broadcasting Co.,
Inc., 376 F. Supp. 733, 746 (S.D.N.Y. 1974), aff'd, 497 F.2d 1343 (2d Cir. 1974).

Defendant misconceives the nature of the standing requirement in this context. RBCI has brought a declaratory judgment action in order to ensure that its future commercial and competitive interests are protected and are not abridged by Drinks Americas. Simply put, RBCI wants to prevent Drinks Americas from its stated intent to use the Rheingold Trademark.

The Second Circuit Court of Appeals has recognized that "[a] district court is required to entertain a declaratory judgment action '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'"[9] Thus, the District Court's ultimate legal determination and declaration that Drinks Americas' conduct violates the Lanham Act will serve to protect RBCI from potential commercial or competitive injury that has been alleged in the Amended Complaint. Specifically, RBCI alleges in its Amended Complaint that "Drinks has indicated its intent to continue producing, marketing, advertising and selling products in connection with the Rheingold Trademark." See Amended Complaint (attached as Oliver Dec. Ex. B) at ¶ 44. RBCI also alleges that the "threatened actions and conduct of Drinks is likely to cause consumer confusion, and result in future sales being unfairly lost and/or diverted." Id. at ¶ 46. Further, in addition to proudly displaying various iterations of the Rheingold word mark, Drinks Americas' active internet website advertises that "Rheingold is currently available in thousands of locations in the New York metro area, and is coming soon to markets across the country and around the world." See Drinks Americas' Internet Advertising for Rheingold Beer, downloaded October 2, 2007 (attached as Oliver Dec. Ex. A).

---

[9]    Starter Corp. v. Converse, Inc., 84 F.3d 592, 597 (2d Cir. 1996) (internal citations omitted).

Defendant's emphasis and sole reliance on <u>Havana Club Holding, S.A. v. Galleon, S.A.</u>,[10] for its allegations regarding standing also is misplaced when measured against the nature and facts of the instant action. In <u>Havana</u>, the Southern District of New York was careful to note that for purposes of establishing standing under Section 43(a) of the Lanham Act, the potential for future competitive injury "may not be too remote."[11]  In <u>Havana</u>, the plaintiff's alleged competitive future injury was "too remote" because of the long-term trade embargo between the United States and Cuba. As the <u>Havana</u> Court explained, a potential injury remains "too remote" where the plaintiff would be precluded from importing its goods into the United States for the reasonably foreseeable future.[12]

The peculiar facts of <u>Havana</u> render that decision inapposite here. In contrast to <u>Havana</u>, and as plead in the Amended Complaint, "over the years, the Rheingold Trademark became widely known through [RBCI's] extensive advertising, promotional activities, marketing and sales of RBCI's various beer products."  <u>See</u> Amended Complaint (attached as Oliver Dec. Ex. B) at ¶ 8. Thus, because RBCI has already spent years advertising, marketing, promoting and selling its various beer products under the Rheingold Trademark and has built up substantial goodwill in connection with the Rheingold Trademark, a claim for future competitive damage is both realistic and cognizable.  Significantly, since the Rheingold Trademark must also be reassigned to RBCI due to Defendant's failure to tender the second installment payment under the APA, RBCI also runs the competitive risk of being obstructed from assigning the Rheingold

---

[10]    <u>Havana Club Holding, S.A. v. Galleon, S.A.</u>, 62 F. Supp. 2d 1085 (S.D.N.Y. 1999).

[11]    <u>Havana Club Holding, S.A.</u>, 62 F. Supp. 2d at 1098.

[12]    <u>Id.</u> at 1097.

Trademark to other entities should Drinks Americas continue to engage in violations of the Lanham Act and fail to reassign the Rheingold Trademark.

Accordingly, Defendant's very own words, conduct and stated intentions in its advertising indicate that RBCI's future commercial and competitive interests are at risk. The risk is posed by the conduct alleged in the Amended Complaint. As such, there is neither the factual nor legal predicate to challenge RBCI's standing to bring a claim under Section 43(a) of the Lanham Act.

**2.     Plaintiff's trademark action is not merely incidental to its contract claims and the Amended Complaint states a federal cause of action.**

28 U.S.C. § 1338 provides that a United States District Court shall have jurisdiction in "[a]ny civil action arising under any Act of Congress relating to … trademarks." Additionally, the Federal Trademark Act codified at 15 U.S.C. § 1051 *et seq.*, at 15 U.S.C. § 1121(a), provides that the District Courts shall have jurisdiction over "all actions arising under this chapter." Further, Courts of the Second Circuit have recognized that:

> [w]here a complaint alleges a federally conferred right, such as a copyright, a trademark or a patent, then alleges violations of that right and requests remedies provided by federal statute, this should be enough to confer federal jurisdiction. The fact that such a claim arises in the context of a disruption of contractual arrangements and presents certain contract issues should not remove it from that jurisdiction.[13]

In the present case, Defendant would have this Court look beyond Plaintiff's Amended Complaint and conclude that the RBCI's trademark claim is merely incidental to an underlying

---

[13]     See Pennacchio v. Powers, 2007 U.S. Dist. LEXIS 8051, at *10 (February 5, 2007 S.D.N.Y.) (citing Daniel Wilson Productions, Inc. v. Time-Life Films, Inc., 736 F. Supp. 40, 43 (S.D.N.Y. 1990); see also Ryan v. Volpone Stamp Co., 107 F. Supp. 2d 369, 377 (S.D.N.Y. 2000) (hybrid trademark/contractual dispute finding subject matter jurisdiction where allegations concerned a federally protected right and relief conferred from that right).

contractual dispute regarding whether Drinks Americas is in default of the APA.  However, the Second Circuit has made clear that, with respect to hybrid actions involving intellectual property rights and contracts, Courts are to "apply a face of the complaint test for the purposes of determining subject matter jurisdiction."[14]  Here, in addition to seeking the specific performance of reassignment of the Rheingold Trademark, RBCI's Amended Complaint alleges a violation of the Lanham Act and requests declaratory relief and monetary damages that flow from that violation.  Additionally, the recording requirements for the assignment of trademarks are governed by 15 U.S.C. § 1060 and Plaintiff alleges in its Amended Complaint that "Drinks' actions have prevented RBCI with properly recording the reassignment in compliance with the Lanham Act, 15 U.S.C. § 1060."  See Amended Complaint (attached as Oliver Dec. Ex. B) at ¶ 36.

It follows that RBCI's Amended Complaint requires a construction of the Federal Trademark Act and RBCI has properly plead a federal case.  As a result, there is no reason that this Court cannot address both the trademark claim as well as the intertwined issues of contract law.  In fact, judicial economy would be furthered by this Court's decision to retain subject matter jurisdiction over this action because the parties will not be forced to litigate this matter twice as a state court constrained to adjudicating only the breach of contract would not be able to deal with the claims relating to violations of the Lanham Act and trademark reassignment.

Defendant also contends that RBCI's trademark claim is not ripe for adjudication because it must await the determination on the question whether Drinks Americas is in default under the APA by a New York state court.  However, as above, that argument is flawed because it is again premised on the assertion that a federal court must await the adjudication of a contractual dispute

---

[14]    Bassett v. Mashantucket Pequot Tribe, 204 F. 3d 343, 354 (2d Cir. 2000); Ryan, 107 F. Supp. 2d at 377.

in state court before deciding whether there is a violation of the Federal Lanham Act. Accordingly, the court should reject any assertion by Drinks America that the Lanham Act claim is unripe and should address both the trademark claim as well as the intertwined issues of contract law.

For the foregoing reasons Plaintiff has properly plead a federal cause of action pursuant to the Lanham Act and has standing to maintain such an action. Accordingly, RBCI respectfully requests that the Court deny Drinks Americas' motion to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(1) and that the claims be decided on their merits after full and fair discovery. Further, because the Court has jurisdiction over the federal claim brought in this matter under 15 U.S.C. § 1125(a), it is respectfully submitted that it has supplemental jurisdiction over the related state law claims for specific performance and breach of contract pursuant to 28 U.S.C. § 1367.

## POINT II

## RBCI'S AMENDED COMPLAINT STATES A FEDERAL CLAIM UPON WHICH RELIEF CAN BE GRANTED

In order to state a claim under Section 43(a) of the Lanham Act, the plaintiff must allege that a false description or association will result in a likelihood of consumer confusion.[15] In the present case, at ¶ 45 of its Amended Complaint (attached as Oliver Dec. Ex. B), RBCI specifically pleads that:

> [Drinks Americas'] continued use of the Rheingold Trademark is likely to cause confusion, mistake and deception among the general purchasing public as to the origin of Drinks' products and is likely to deceive the public into believing Drinks' products originate from RBCI or otherwise are authorized by RBCI."

---

[15]    See Exquisite Form Industries, Inc. v. Exquisite Fabrics of London, 378 F. Supp. 403, 410, 413 (S.D.N.Y. 1973).

As a result of its legitimate concern, RBCI commenced a declaratory judgment action in order to ensure that its future commercial and competitive interests are protected and are not abridged by Drinks Americas.  Accordingly, since RBCI has standing to assert a Section 43(a) claim regardless of whether it owns the Rheingold Trademark, the Amended Complaint has properly set forth such a claim for which relief may be granted under the Lanham Act.

**1.    RBCI has sufficiently alleged the existence of a likelihood of confusion.**

As stated above, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the truth of the allegations of the pleading and draw all inferences in favor of the pleader.[16]  With respect to trademark actions, this Court has explained that "although the existence of consumer confusion is generally a question of fact, 'in considering a motion to dismiss pursuant to Rule 12(b)(6), the Court may … make an initial finding as to whether or not a jury would find a likelihood of confusion as to source.'"[17]  However, the District Court's role in determining whether a likelihood of confusion has been *sufficiently plead* in this case is limited to examining whether the allegations in the Amended Complaint "exceed the 'outer limits … within which a jury is permitted to make the factual determination [that] there is a likelihood of confusion as to source.'"[18]

In the present case, on a Rule 12(b)(6) motion to dismiss, the Court must reject Defendant's argument that the Amended Complaint should be dismissed on the grounds that there is no possible confusion since the beer products manufactured could be produced by the

---

[16]    Jackson Nat'l Life Ins. Co., 32 F.3d at 699-700.

[17]    Solow Bldg. Co., LLC v. Nine West Group, Inc., 2001 U.S. Dist. LEXIS 8848, at * 18 (June 29, 2001 S.D.N.Y.) (quoting Textile Deliveries, Inc. v. Stagno, 1990 U.S. Dist. LEXIS 13309, at * 16 (October 9, 1990 S.D.N.Y.).

[18]    Solow Bldg. Co., 2001 U.S. Dist. LEXIS 8848 at * 20 (quoting Schieffelin & Co. v. Jack Co. of Boca, Inc., 725 F. Supp. 1314, 1323 (S.D.N.Y. 1989)).

same contract brewer. While the Court need not perform an intense fact-specific inquiry into the alleged likelihood of confusion at this stage, nothing requires or even would suggest that both RBCI and Drinks Americas would utilize a single contract brewer. To the contrary, the License Agreement at ¶ 5.d provides that "a contract brewer … shall be a brewer qualified to produce the Licensed Product to the strict standards established for the Licensed Product" and that after three years after the execution of the agreement, the "Licensor shall have the option to become the contract brewer …." <u>See</u> License Agreement between The Stroh Brewing Company and Rheingold Brewing Company LLC (attached as Oliver Dec. Ex. C) at ¶ 5.d. Accordingly, there is no reason that RBCI would be limited to using the same brewer as Drinks Americas – and even if it were, the terms of a contract would not necessarily be the same. As such, Drinks Americas has, at best, set forth a rather attenuated factual dispute that is immaterial to this Court's consideration and ultimate determination on a Rule 12(b)(6) motion to dismiss.

The Amended Complaint (attached as Oliver Dec. Ex. B) at ¶ 45 unequivocally alleges that:

> Drinks' continued use of the Rheingold Trademark is likely to cause confusion, mistake and deception among the general purchasing public as to the origin of Drinks' products and is likely to deceive the public into believing Drinks' products originate from RBCI or otherwise are authorized by RBCI."

Further, RBCI's trademark declaratory judgment action is brought in order to protect RBCI's future interests concerning the identical Rheingold Trademark in connection with the same type of goods manufactured, distributed, marketed and sold under the Rheingold brand. <u>Id.</u> at ¶¶ 6-9. Thus, there is a clear proximity between the competing parties' businesses and their beer products and RBCI has alleged that "Drinks has publicly stated that it intends to continue to exploit the Rheingold Trademark for the foreseeable future." <u>Id.</u> at ¶ 43. Accordingly, because

the Amended Complaint states a claim under Section 43(a) of the Lanham Act and does not exceed the outer limits for which a jury is permitted to make a factual determination that a likelihood of confusion exists, the Court must refrain at this juncture from making a legal determination that no likelihood of confusion exists in this case.

Finally, Defendant's reliance on <u>Silverstar Enters., Inc. v. Aday</u>,[19] is also misplaced because unlike the present action, the plaintiff in that case ***failed to allege or argue any confusion*** that would result as to the source of the MEAT LOAF products.[20]  Additionally, the <u>Silverstar</u> Court acknowledged in dicta that only one source of the goods in question could exist to negate consumer confusion because the licensor ultimately selected the same merchandiser that the plaintiff suggested in connection with its request to enter into a sub-license.[21]  Unlike the <u>Silverstar</u> case, RBCI or any other potential licensee for that matter, is not limited to utilizing a single contract brewer in connection with the manufacture of the Licensed Products.

**2.    Defendant's reliance on allegations from an unrelated litigation involving a beer distribution is beyond the face of RBCI's Amended Complaint and is not an appropriate consideration on a Rule 12(b)(6) motion to dismiss.**

In a desperate attempt to distract this Court from the heart of RBCI's allegations in its Amended Complaint, Drinks Americas raises yet another factual dispute regarding an unrelated lawsuit with a beer distributor pending in New York state court.[22]  Here, Defendant's unsupported argument concerning its lack of use of the Rheingold Trademark in interstate

---

[19]    537 F. Supp. 236 (S.D.N.Y. 1982).

[20]    <u>Silverstar Enters., Inc.</u>, 537 F. Supp. at 241.

[21]    <u>Id.</u>

[22]    Defendant cites <u>Manhattan Beer Distributors v. RBCI Holdings, Inc. and Drinks Americas Holdings, Ltd.</u>, Supreme Court, Bronx County, Index Number: 017776/2006.

commerce due to a pending litigation is clearly beyond the face of RBCI's Amended Complaint and should not be considered in the context of a Rule 12(b)(6) motion. As Defendant correctly notes in its motion papers, the Court may only consider facts stated on the face of the pleading and in documents appended to the complaint and incorporated in the pleading, as well as matters of which judicial notice may be taken on a Rule 12(b)(6) motion to dismiss.[23] While it is true that a Court may review matters outside the pleadings by judicial notice, "a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation …."[24] Here, although the pleadings in the asserted state court action may be of public record, it is evident that Drinks Americas did not cite the action to establish its mere existence, but rather to state how it was behaving in light of that lawsuit (i.e. unrelated to the lawsuit itself) and then provide a putative basis for this Court to dismiss this action under Rule 12(b)(6). Accordingly, Defendant's bare assertion of the allegations and cross-claims made in an unrelated litigation is an inappropriate basis for the Court to grant a motion to dismiss under Rule 12(b)(6).[25] Likewise, Defendant's allegation that it has behaved a certain way as a result of that litigation clearly is a factual issue.

Additionally, Defendant's position regarding its lack of use of the Rheingold Trademark in interstate commerce is without merit where such a position directly contradicts its own public statements regarding the future expansion and projected growth of the Rheingold brand. See Amended Complaint (attached as Oliver Dec. Ex. B) at ¶¶ 42-44. For instance, in addition to

---

[23]    Automated Salvage Transport, Inc. v. Wheelabrator Environmental Sys., Inc., 155 F.3d 59, 67 (2d Cir. 1998).

[24]    Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998).

[25]    It should be noted that Defendant offers no sworn affidavit in support of its position and merely relies on attorney conjecture in proffering this argument regarding the unrelated legal action.

proudly displaying various iterations of the Rheingold word mark on its public website, Drinks Americas advertises that "Rheingold is currently available in thousands of locations in the New York metro area, and is coming soon to markets across the country and around the world." <u>See</u> <u>See</u> Drinks Americas' Internet Advertising for Rheingold Beer, downloaded October 2, 2007 (attached as Oliver Dec. Ex. A).  Further, Drinks Americas does not even address the fact that it was previously engaged in the business of producing, marketing, advertising, distributing and selling beer products in connection with the Rheingold Trademark.  Accordingly, Drinks Americas has again merely set forth a factual dispute that is immaterial to this Court's consideration on a Rule 12(b)(6) motion to dismiss and the Court should dismiss its motion in its entirety.

## CONCLUSION

For all of the reasons discussed herein, it is respectfully submitted that Defendant's motion to dismiss should be denied in its entirety.


Dated: October 5, 2007
New York, New York

                        Respectfully submitted,


                        **TROUTMAN SANDERS LLP**


                        By: s/ Jason S. Oliver
                        David J. Sheehan, Esq. (DS 4818)
                        Oren J. Warshavsky, Esq. (OW 9469)
                        Jason S. Oliver, Esq. (JO 1676)
                        The Chrysler Building
                        450 Lexington Avenue
                        New York, New York 10174
                        Jason.oliver@troutmansanders.com

                        *Counsel for Plaintiff RBCI Holdings, Inc.*


NEWYORK01 1217234v4 041056-000002