Sheldon H. Gopstein, Esq.
LAW OFFICES OF SHELDON H. GOPSTEIN
130 West 42nd Street, Suite 410
New York, NY 10036
Tel. 212-363-2400
E-mail: sglaw@optonline.net

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
RBCI HOLDINGS, INC.  f/k/a RHEINGOLD
BREWING COMPANY, INC.
                                                              : Civil Action No.
                                                              : 07-cv-02877 (DC)
                        Plaintiff,                            :
                                                              :
        -against-                                             :
                                                              **:**
DRINKS AMERICAS HOLDINGS, LTD.                                :
                                                              :
                        Defendant.                            :
---------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW
IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
FOR LACK OF STANDING AND LACK OF SUBJECT MATTER
JURISDICTION UNDER FRCP RULE 12(b)(1) AND
FOR FAILURE TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN
BE GRANTED UNDER FRCP RULE 12(b)(6)**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT                                                         p. 1

ARGUMENT                                                                      p. 2

I.   Plaintiff fails to demonstrate any basis for standing under the Lanham Act   p. 3

II.  Plaintiff fails to state any claim upon which relief can be granted      p. 9

     *1. No likelihood of confusion can possibly be demonstrated*         p. 9

     *2. Drinks Americas is not using the trademark in interstate commerce*   p. 11

# TABLE OF AUTHORITIES

**CASES**

Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937) — p. 10

Arrowhead Indust. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 6 U.S.P.Q.2d 1685 (Fed.Cir.1988) — p. 6

Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343 (2d. Cir. 2000) — p. 7

Berni v. International Gourmet Restaurants of America, Inc., 838 F.2d 642 (2d Cir. 1988) — p. 4,5

Daniel Wilson Productions, Inc. v. Time-Life Films, Inc., 736 F.Supp. 40 (S.D.N.Y. 1990) — p. 7

G. Heileman Brewing Co. v. Anheuser-Busch, Inc., 873 F.2d 985 (7th Cir.1989) — p. 6

ITC Ltd. v. Punchgini, Inc., 482 F.3d 135 (2d Cir. 2007) — p. 3

P. Daussa Corp. v. Sutton Cosmetics (P. R.), Inc., 462 F.2d 134 (2d Cir.1972) — p. 3

Pennacchio v. Powers, Slip Copy, 2007 WL 446355 (E.D.N.Y., 2007) — p. 7

Polaroid Corp. v. Polaroid Elecs. Corp., 287 F.2d 492 (2d Cir.1961) — p. 10

Ryan v. Volpone Stamp Co., Inc., 107 F.Supp.2d 369 (S.D.N.Y. 2000) — p. 7

Solow Bldg. Co., LLC v. Nine West Group, Inc., 2001 WL 736794 (S.D.N.Y. 2001) — p. 9

Staron v. Mc. Donald's Corp., 51 F.3d 353 (2d Cir. 1995) — p.9

Starter Corp. v. Converse, Inc., 84 F.3d 592 (2d. Cir. 1996). — p. 5

Student Lifeline, Inc. v. State, 16 Misc.3d 1132(A), Slip Copy, 2007 WL 2439449 (Table), N.Y.Ct.Cl. (August 10, 2007) — p. 8

Wembley, Inc. v. Superba Cravats, Inc., 315 F.2d 87 (2d Cir.1963) — p.6

Windsurfing Intern., Inc. v. AMF Inc., 828 F.2d 755 (Fed.Cir.1987) — p.6

**STATUTES**

Fed.R.Civ.P. 12(b)(1) & (6) .......................................................................... p. 1 et seq.

15 U.S.C. 1125(a) .......................................................................................... p. 2 et seq.

28 U.S.C. 2201(a) .......................................................................................... p. 5

Drinks Americas Holdings, Ltd. ("Drinks Americas"), without submitting to the jurisdiction of the Court, through the undersigned counsel, and pursuant to Fed.R.Civ.P. 12(b)(1) & (6), respectfully submits this Reply Memorandum in support of its motion to dismiss the action filed by plaintiff for lack of subject matter jurisdiction and/or failure to state a claim upon which relief may be granted.

## PRELIMINARY STATEMENT

The breach of contract case originally filed by plaintiff without the mere mention of the word "trademark" has now somehow morphed into a supposed Lanham Act dispute with an incidental breach of contract component. Notwithstanding plaintiff's twisted construction of the Lanham Act and attendant case law, this is purely a breach of contract case with a defective Lanham Act claim for which plaintiff lacks standing. Plaintiff's invocation of the Declaratory Judgment Act is equally unavailing since plaintiff is not an owner, licensee or current user of the "Rheingold" trademark. Federal jurisdiction should not be maintained where, as here, the plaintiff has failed to raise a trademark infringement question beyond a contrived and thoroughly speculative level. To allow otherwise would be to give the words "Lanham Act" a magical power opening the doors of all Federal Courts to any claimants who utter the magic words in their complaint, no matter their lack of standing to assert a trademark infringement claim. Plaintiff's monotonous refrain that Drinks Americas has used the Rheingold Trademark and intends to do so in the future is ludicrous: Drinks Americas is the lawful licensee of the trademark!   Plaintiff itself admits that the "Rheingold" trademark was validly assigned to Drinks Americas in 2005 and that it has not to this day been reassigned to RBCI.  The amended complaint does not support any federal cause of action.  It should

be dismissed outright, and the parties' contract dispute should be submitted to the appropriate state court.

## ARGUMENT

### I.  Plaintiff fails to demonstrate any basis for standing under the Lanham Act

The amended complaint fails to identify the statutory basis for plaintiff's trademark infringement claim. This left defendant with no choice but to speculate whether plaintiff's claims were bought under section 32 or 43(a) of the Lanham Act. In its opposition, plaintiff concedes that it does not have standing under section 32 of the Lanham Act. Drinks Americas will therefore limit the argument here to lack of standing under section 43(a) of the Lanham Act. At the outset, it must be noted that plaintiff reveals in its opposition papers that it is bringing its trademark infringement claim as an action for "unfair competition", hence under section 43 (a)(1)(a) of the Lanham Act, and not as an action for false advertising under section 43 (a)(1)(b). This is particularly relevant in connection with the issue of standing since the Court of Appeals has recently distinguished the criteria for standing under each of these sections.

As admitted by plaintiff in its opposition brief, standing to sue for copyright infringement under Section 43(a) of the Lanham Act, 15 U.S.C. 1125 (a), is limited to users of the trademark, such as a licensee. **Significantly, plaintiff concedes that it does not currently use the trademark and that it brought its trademark infringement claim "to ensure that its future commercial and competitive interests are protected and are not abridged by Drinks Americas"** (see RBCI's Memorandum in Opposition, p. 7).

In <u>ITC Ltd. v. Punchgini, Inc</u>., 482 F.3d 135 (2d Cir. 2007), the Court of Appeals ruled that in order to bring a claim for unfair competition, a plaintiff must have the right to use the mark or dress in question. "*To succeed on a section 43(a)(1)(A) claim, a plaintiff must prove (1) that the mark or dress is distinctive as to the source of the good or service at issue, and (2) that there is the likelihood of confusion between the plaintiff's good or service and that of the defendant*. (citations omitted) **Preliminary to making this showing, however, a plaintiff must demonstrate its own right to use the mark or dress in question.**" *(emphasis added)* <u>ITC v. Ltd. v. Punchgini, Inc</u>. at 154, citing <u>P. Daussa Corp. v. Sutton Cosmetics (P. R.), Inc</u>., 462 F.2d 134, 136 (2d Cir.1972) ("*To be entitled to relief, however, [plaintiff] must show not only confusing similarity, but priority of right over [defendant] to the use of the [plaintiff's] mark*."). Here, plaintiff cannot possibly make this showing, since RBCI assigned its right to use the Rheingold trademark to defendant in 2005, and concedes in its complaint as well as in its opposition papers that the trademark has not been reassigned. See RBCI's Memorandum in Opposition, p. 8 "*However, Drinks Americas refused, and continues to refuse to reassign the Rheingold Trademark to RBCI. See Amended Complaint (attached as Oliver Dec. Ex. B) at ¶ 27*". Since Drinks Americas is the current licensee of the Rheingold trademark, which by plaintiff's own admission has not been reassigned to RBCI, then it necessarily follows that RBCI has no right to use the Rheingold trademark. While plaintiff does allege that the trademark should be reassigned to RBCI and sues for specific performance of the Asset Purchase Agreement between the parties, including a request for reassignment of the trademark, this simple allegation and speculative desire does not constitute the

3

prerequisite right to use the trademark required by the Court of Appeals. RBCI has therefore no standing to bring a trademark infringement claim against Drinks Americas.

In an attempt to circumvent this fatal defect, plaintiff quotes <u>ITC Ltd. v. Punchgini</u> for the proposition that, even though it has no current right to use the mark, RBCI can rely on a claim for *"future potential for commercial or competitive injury"* as a sufficient basis for standing on its unfair competition claim. An examination of the ITC decision reveals however that this quoted excerpt is strictly limited to that part of the Court of Appeals' decision which addresses the issue of standing for false advertisement claims, and is therefore inapposite for plaintiff's unfair competition claim. See <u>ITC Ltd. v. Punchgini</u> at 169:

> "D. The False Advertising Claim
> 1. Lanham Act Section 43(a)(1)(B)
> (…)
> 2. Standing to Complain of False Advertising
>
> To establish standing to pursue a <u>false advertising claim</u> under section 43(a)(1)(B), an aggrieved party must demonstrate both (1) " 'a reasonable interest to be protected against the advertiser's false or misleading claims,' " and (2) " 'a reasonable basis for believing that this interest is likely to be damaged by the false or misleading advertising.' " Societe Des Hotels Meridien v. LaSalle Hotel Operating P'ship, 380 F.3d 126, 130 (2d Cir.2004) (quoting Ortho Pharm. Corp. v. Cosprophar, Inc., 32 F.3d 690, 694 (2d Cir.1994)). The "reasonable interest" prong of this test includes commercial interests, direct pecuniary interests, and even a future potential for a commercial or competitive injury. See PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1111 (2d Cir.1997) (citing 170 Berni v. Int'l Gourmet Rests. of Am., Inc., 838 F.2d 642, 648 (2d Cir.1988))."

Since, in its opposition brief, RBCI clarified that its trademark infringement claim is based on unfair competition under section 43(a)(1)(a) and not on a false advertising claim, its claim of existence of "future potential for a commercial or competitive injury" is irrelevant to the issue of its standing herein. In addition, even if plaintiff had based its

4

trademark infringement claim on false advertising, which it did not, its description of its future potential for commercial or competitive injury as the risk of being "*obstructed from assigning the Rheingold trademark to other entities*" falls far short of a proper basis for standing. In ITC, the Court of Appeals noted that its suggestion in Berni v. International Gourmet Restaurants of America, Inc., 838 F.2d 642, 648 (2d Cir. 1988), that a plaintiff "considering establishing a commercial venture in the future" might, under some circumstances, have a sufficient commercial interest to sue a competitor for false advertising, was in fact dictum since the court had ruled that the Berni plaintiff did not, in fact, have standing. See See ITC Ltd. v. Punchgini at 171. Moreover, here, plaintiff does not allege that it has plans to establish any commercial venture to market products under the "Rheingold" trademark; rather, RBCI reveals that its intention is to assign the disputed trademark to another entity, i.e. to have a third-party use the trademark in commerce. This allegation is completely insufficient to show standing under even the most liberal reading of the Lanham Act and its interpretation by the Court of Appeals.

Faced with its complete lack of standing under the Lanham Act, plaintiff attempts to argue that it is nonetheless entitled to bring its trademark infringement claim as a "declaratory judgment action". The Declaratory Judgment Act, 28 U.S.C. 2201(a), provides that in a case of an actual controversy within its jurisdiction, any court of the United States may declare the rights and legal relations of any party seeking such declaration. A court must first determine whether a federal question exists, and then determine whether the dispute presents a substantial controversy or merely an abstract question. Starter Corp. v. Converse, Inc., 84 F.3d 592 (2d Cir. 1996). If no such controversy exists, however, the courts are prohibited from rendering an advisory opinion

5

Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937).  In a declaratory judgment action involving trademarks, the test for an "actual case or controversy" has two prongs, both of which must be satisfied in order to establish declaratory judgment jurisdiction: (1) has the defendant's conduct created a real and reasonable apprehension of liability on the part of the plaintiff, and (2) has the plaintiff engaged in a course of conduct which has brought it into adversarial conflict with the defendant. Windsurfing Intern., Inc. v. AMF Inc., 828 F.2d 755, 757-58 (Fed.Cir.1987). In Starter Corp. v Converse, 84 F.3d at 596, the Court of Appeals ruled that an actual case or controversy exists where a party has engaged in a course of conduct evidencing a "definite intent and apparent ability to commence use" of the marks on the product .  To demonstrate such intent, a plaintiff must show more than a vague or general desire to use the mark. See Wembley, Inc. v. Superba Cravats, Inc., 315 F.2d 87, at 90 (2d Cir.1963); Windsurfing, 828 F.2d at 758. It must be engaged in "meaningful preparation," Arrowhead Indust. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 6 U.S.P.Q.2d 1685, 1689 (Fed.Cir.1988), such that it is "actively preparing to produce the article in question. This is the last point before the point of no return." G. Heileman Brewing Co. v. Anheuser-Busch, Inc., 873 F.2d 985, at 990 (7th Cir.1989).

   Here, RBCI does not allege anywhere in its complaint or in its opposition to this motion that it has taken any step whatsoever since its assignment of the trademark to Drinks Americas to start producing beer or market any beer products in commerce under the "Rheingold" trademark.   Indeed, plaintiff has no right to do so.   In fact, RBCI acknowledges that it assigned all rights in the trademark to Drinks Americas over two years ago, and that its intention, if the trademark "Rheingold" is ever reassigned to RBCI,

is to license the trademark to third–party companies. Clearly, this falls short of the Court of Appeals requirements that a declaratory judgment plaintiff show that it is "actively preparing to produce the article" or that it has "reached the point of no return". Based on the above, plaintiff's cause of action for a declaratory judgment of trademark infringement should be dismissed.

Plaintiff further attempts to confuse the issues by arguing that the fact that its amended complaint contains a cause of action for unfair competition under the Lanham Act is sufficient in and of itself to warrant federal jurisdiction. Defendant does not contest that under the controlling caselaw in the Second Circuit, when a plaintiff <u>who has standing to bring a Lanham Act unfair competition cause of action</u> against a defendant inserts such a claim in its complaint, then federal jurisdiction should be upheld. However, none of the cases cited by plaintiff support the proposition that the issue of lack of standing should be simply disregarded by a court on a motion to dismiss a Lanham Act claim. In <u>Daniel Wilson Productions, Inc. v. Time-Life Films, Inc</u>., 736 F.Supp. 40 (S.D.N.Y. 1990), the owner of copyright brought a suit against its licensee for breach of licensing agreement. The plaintiff's standing was not questioned by the court as he was the copyright owner. The question of standing was equally irrelevant in <u>Ryan v. Volpone Stamp Co., Inc</u>., 107 F.Supp.2d 369 (S.D.N.Y. 2000), which involves a trademark infringement claim brought by a licensor against its licensee. In <u>Bassett v. Mashantucket Pequot Tribe</u>, 204 F.3d 343 (2d. Cir. 2000), the owner of a copyrighted script sued an Indian Tribe which had used her script without her consent or license in order to produce their own film. In <u>Pennacchio v. Powers</u>, Slip Copy, 2007 WL 446355 (E.D.N.Y. 2007), the plaintiff was the original registrant of the disputed trademark and the question of its

7

standing was not made a part of the controversy. None of the cases cited by plaintiff examined the question of the plaintiff's standing under the Lanham Act. Significantly, plaintiff has cited no case involving a trademark infringement case brought by an ex-licensee against a current licensee of a given trademark. Drinks Americas submits that this Court should examine the issue of plaintiff's standing prior to deciding whether it has subject matter jurisdiction over the amended complaint.

As for plaintiff's assertion that a state court (where its breach of contract action belongs) would not be able to deal with the alleged violations of the Lanham Act, it is in plain error. Unlike the Copyright Act, which bestows original and exclusive jurisdiction of such matters upon the federal district courts, the Lanham Act confers only <u>original jurisdiction</u> of all actions arising thereunder upon the federal district courts. See 15 USC § 1121[a], and <u>Student Lifeline, Inc. v. State</u>, 16 Misc.3d 1132(A), Slip Copy, 2007 WL 2439449 (Table), N.Y.Ct.Cl., 2007 (August 10, 2007): "*Congress has not restricted the jurisdiction of state courts over suits arising under the Lanham Act. In fact, several New York courts have considered causes of action arising under the Lanham Act* (see Dell Pub. Co. v. Stanley Pub., 9 N.Y.2d 126, 133-138 [1961]; A-Frame, Inc. v. Concord Pools, 289 A.D.2d 921 [2001]; Wyndham Co. v. Wyndham Hotel Corp., 261 A.D.2d 242, 243 [1999], lv denied 93 N.Y.2d 812 [1999]; American Preferred Prescription v. Health Mgt., 252 A.D.2d 414, 415, 419-420 [1998])". If plaintiff brings its breach of contract claims against defendant in State Court, such court will have jurisdiction over defendant's likely counterclaims as well as over any trademark infringement claim for which plaintiff could demonstrate standing, including any cause of action under the Lanham Act.

## II. Plaintiff fails to state any claim upon which relief can be granted

Drinks Americas is the current licensee of the "Rheingold" trademark. As such, defendant has all the rights and privileges ordinarily attached to such status, including the right to use the trademark in interstate commerce. Plaintiff is not currently using the trademark in interstate commerce and has no right to do so. Therefore, at present, and until such time as the trademark license is reassigned to RBCI (if ever), either upon agreement between the parties or upon a judgment issued by a court of competent jurisdiction, Drinks Americas' use of the trademark could not possibly cause confusion in the general public.

### *1. No likelihood of confusion can possibly be demonstrated*

Fed. R. Civ. P. Rule 12(b)(6) dictates that a district court should deny a motion to dismiss unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Staron v. Mc. Donald's Corp.</u>, 51 F.3d 353, 355 (2d Cir. 1995). Plaintiff argues that its barebones allegation in the amended complaint that defendant's "continued use of the Rheingold trademark is likely to cause confusion mistake and deception among the general public" is sufficient to pass the muster of a motion to dismiss under the criteria recited by the court in <u>Solow Bldg. Co., LLC v. Nine West Group, Inc</u>., Not Reported in F.Supp.2d, 2001 WL 736794, (S.D.N.Y., 2001) (June 29, 2001). In Solow, the court ruled that it had authority *"[i]n considering a motion to dismiss pursuant to Rule 12(b)(6),... [to] make an initial finding as to whether or not a jury would find a likelihood of confusion as to source"*. Significantly, the Solow court also ruled that where the allegations of a complaint exceed the *"outer limits ... within which a jury is permitted to make the factual determination*

9

*[that] there is a likelihood of confusion as to sourc*e", the court can dismiss a cause of action for trademark infringement. Here, plaintiff itself concedes that is not currently using the trademark in commerce for any type of products and that it is bringing its trademark cause of action as a declaratory judgment action. RBCI fails to plead that it had taken any steps since its assignment of the trademark to Drinks Americas to market beer products or any other products under the disputed trademark. Plaintiff even suggests in its opposition papers that it intends to reassign the trademark to a third-party. As argued above, the total lack of any current steps to use the trademark in commerce is fatal even to an action for declaratory judgment. The amended complaint, as amplified by the opposition papers filed by plaintiff, is therefore absolutely devoid of any potential basis for consumer confusion, either on an actual infringement claim or on a declaratory judgment action. In *Solow*, the plaintiff was the owner of a building with a large red sculpture - the numeral "9"- on the sidewalk in front of the property, who sued a corporation selling shoes under the trademark "9 west". Contrary to the present matter, the *Solow* plaintiff had alleged that it had been using the brand "9 west" in commerce for over twenty years at the time it started its trademark infringement action. Even though it had alleged that the defendants' use of the trademark "9 west" would cause consumer confusion, the Court dismissed the complaint for failure to sufficiently allege likelihood of confusion. The Court applied the eight-factor test set forth in <u>Polaroid Corp. v. Polaroid Elecs. Corp</u>., 287 F.2d 492, 495 (2d Cir.1961):(i) strength of plaintiff's mark; (ii) similarities of the parties' marks; (iii) proximity of the parties' products in the marketplace; (iv) likelihood that plaintiff will bridge the gap between the products; (v) actual confusion; (vi) defendants' intent in adopting their mark; (vii) quality of

defendants' product; and (viii) sophistication of the relevant consumer group.  Here, where plaintiff failed to plead use or intent to use the trademark in commerce, let alone any of the elements of consumer confusion set forth by *Polaroid*, plaintiff failed to sufficiently allege consumer confusion.

### *2.  Drinks Americas is not using the trademark in interstate commerce*

Due to a series of misrepresentations by RBCI in connection with the Asset Purchase Agreement between the parties, Drinks Americas has been made the co-defendant of several actions for damages arising prior to the asset sale.  One of these actions is currently pending in the Supreme Court of the State of New York, Bronx County, titled *Manhattan Beer Distributors vs. RBCI Holdings, Inc. and Drinks Americas Holdings, Ltd,* Index No. 17776/06).  The case was brought against both plaintiff and defendant in this case by the exclusive distributor of all products sold under the Rheingold trademark.  As a result of said litigation, all distribution of Rheingold products by Drinks Americas has been stopped.  See affirmation of Sheldon H. Gopstein ¶ 5.  Defendant submits that the mere mention of the name "Rheingold" on Drinks Americas' website does not constitute use in commerce for the purpose of a Lanham Act cause of action, absent actual distribution of the product in interstate commerce,.  Accordingly, since defendant is currently not using the mark in interstate commerce, plaintiff's causes of action under section 43 (a) of the Lanham Act should be dismissed.

**WHEREFORE**, based on the foregoing, defendant Drinks Americas Holdings, Ltd. respectfully requests the entry of an order dismissing plaintiff's complaint for lack of standing, lack of subject matter jurisdiction and due to plaintiff's failure to state a cause of action upon which relief can be granted, and such other relief as this Court may deem just, equitable and proper.

Dated: New York, New York
October 12, 2007

                                            Respectfully submitted,

                                            LAW OFFICES OF SHELDON H. GOPSTEIN, ESQ.

                                            By: *s/ Sheldon Gopstein*
                                            Sheldon H. Gopstein

                                            Attorneys for Defendant,
                                            Drinks Americas Holdings, Ltd.
                                            130 West 42nd Street, Suite 410
                                            New York, NY 10036
                                            Tel. 212-363-2400
                                            E-mail: sglaw@optonline.net