**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------X
RBCI HOLDINGS, INC. f/k/a RHEINGOLD      :
BREWING COMPANY, INC.,                   :  Civil Action No.
                                         :  07-cv-02877 (DC)
                       Plaintiff,        :
                                         :
        -against-                        :  ANSWER AND
                                         :  COUNTERCLAIMS
DRINKS AMERICAS HOLDINGS, LTD.,          :
                                         :
                       Defendant.        :
-----------------------------------------------------------X
```

Defendant, Drinks Americas Holdings, Ltd. ("Drinks" or "Defendant"), by its undersigned counsel, as and for its answer to the amended complaint and its counterclaims against plaintiff, RBCI Holdings, Inc. ("RBCI" or "Plaintiff"), hereby states as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the amended complaint. On this basis, Defendant denies the allegations of paragraph 1 of the amended complaint.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the amended complaint. On this basis, Defendant denies the allegations of paragraph 2 of the amended complaint.

3. Defendant admits the allegations of paragraph 3 of the amended complaint.

4. Defendant denies the allegations of paragraph 4 of the amended complaint.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the amended complaint. On this basis, Defendant denies the allegations of paragraph 5 of the amended complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the amended complaint. On this basis, Defendant

denies the allegations of paragraph 6 of the amended complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the amended complaint. On this basis, Defendant denies the allegations of paragraph 7 of the amended complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the amended complaint. On this basis, Defendant denies the allegations of paragraph 8 of the amended complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the amended complaint. On this basis, Defendant denies the allegations of paragraph 9 of the amended complaint.

10. Defendant admits the allegations of paragraph 10 of the amended complaint.

11. Defendant denies the allegations of paragraph 11 of the amended complaint and refers to the Asset Purchase Agreement for a true statement of its terms.

12. Defendant denies the allegations of paragraph 12 of the amended complaint and refers to the Asset Purchase Agreement for a true statement of its terms.

13. Defendant denies the allegations of paragraph 13 of the amended complaint and refers to the Asset Purchase Agreement for a true statement of its terms.

14. Defendant admits that the purchase price was to be paid in two installments, denies the remaining allegations of paragraph 14 of the amended complaint and refers to the Asset Purchase Agreement for a true statement of its terms.

15. Defendant admits that the purchase price was to be paid in two installments, denies the remaining allegations of paragraph 15 of the amended complaint and refers to the Asset Purchase Agreement for a true statement of its terms.

16. Defendant denies the allegations of paragraph 16 of the amended complaint and refers to the Asset Purchase Agreement for a true statement of its terms.

17. Defendant denies the allegations of paragraph 17 of the amended complaint and refers to the Asset Purchase Agreement for a true statement of its terms.

18. Defendant denies the allegations of paragraph 18 of the amended complaint and refers to the Asset Purchase Agreement for a true statement of its terms.

19. Defendant denies the allegations of paragraph 19 of the amended complaint and refers to the Asset Purchase Agreement for a true statement of its terms.

20. Defendant denies the allegations of paragraph 20 of the amended complaint and refers to the Asset Purchase Agreement for a true statement of its terms.

21. Defendant denies the allegations of paragraph 21 of the amended complaint and refers to the Asset Purchase Agreement for a true statement of its terms.

22. Defendant denies the allegations of paragraph 22 of the amended complaint.

23. Defendant denies the allegations of paragraph 23 of the amended complaint.

24. Defendant admits it is engaged in the business of producing, marketing, advertising and selling alcoholic and non-alcoholic beverages and denies the remaining allegations of paragraph 24 of the amended complaint.

25. Defendant denies the allegations of paragraph 25 of the amended complaint.

26. Defendant denies the allegations of paragraph 26 of the amended complaint.

27. Defendant admits that it has not reassigned the Rheingold license to RBCI and denies the remaining allegations of paragraph 27 of the amended complaint.

28. Defendant repeats and realleges the foregoing responses to paragraphs 1 through 27 of the amended complaint as if fully set forth herein.

29. Defendant denies the allegations of paragraph 29 of the amended complaint and refers to the Asset Purchase Agreement for a true statement of its terms.

30. Defendant denies the allegations of paragraph 30 of the amended complaint

31. Defendant denies the allegations of paragraph 31 of the amended complaint.

32. Defendant admits the allegations of paragraph 32 of the amended complaint

33. Paragraph 33 of the amended complaint is a legal conclusion that requires no answer. To the extent this paragraph contains allegations of fact, each and every one of them are denied.

34. Paragraph 34 of the amended complaint is a legal conclusion that requires no answer. To the extent this paragraph contains allegations of fact, each and every one of them are denied.

35. Defendant denies the allegations of paragraph 35 of the amended complaint.

36. Defendant denies the allegations of paragraph 36 of the amended complaint.

37. Paragraph 37 of the amended complaint is a request for relief that requires no answer. To the extent this request for relief contains allegations of fact, each and every one of them are denied.

38. Defendant repeats and realleges the foregoing responses to paragraphs 1 through 37 of the amended complaint as if fully set forth herein.

39. Paragraph 39 of the amended complaint is a legal conclusion that requires no answer. To the extent this paragraph contains allegations of fact, each and every one of them are denied.

40. Paragraph 40 of the amended complaint is a legal conclusion that requires no answer. To the extent this paragraph contains allegations of fact, each and every one of them are

denied.

41. Paragraph 41 of the amended complaint is a legal conclusion that requires no answer. To the extent this paragraph contains allegations of fact, each and every one of them are denied.

42. Defendant denies the allegations of paragraph 42 of the amended complaint.

43. Defendant denies the allegations of paragraph 43 of the amended complaint.

44. Defendant denies the allegations of paragraph 44 of the amended complaint.

45. Defendant denies the allegations of paragraph 45 of the amended complaint.

46. Defendant denies the allegations of paragraph 46 of the amended complaint.

47. Defendant denies the allegations of paragraph 47 of the amended complaint.

48. Defendant denies the allegations of paragraph 48 of the amended complaint.

49. Defendant denies the allegations of paragraph 49 of the amended complaint.

50. Defendant repeats and realleges the foregoing responses to paragraphs 1 through 49 of the amended complaint as if fully set forth herein.

51. Defendant denies the allegations of paragraph 51 of the amended complaint.

52. Defendant denies the allegations of paragraph 52 of the amended complaint.

53. Defendant denies the allegations of paragraph 53 of the amended complaint.

54. Defendant denies the allegations of paragraph 54 of the amended complaint.

55. Defendant denies the allegations of paragraph 55 of the amended complaint.

56. Defendant denies the allegations of paragraph 56 of the amended complaint.

## FACTS COMMON TO THE AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

57. Drinks is a Delaware corporation which produces, markets, and distributes alcoholic and non-alcoholic beverages.

58. Upon information and belief, RBCI is a Delaware corporation with its principal place of business in the State of New York.

59. Upon information and belief, on August 22, 1997, plaintiff entered into a trademark license agreement with a third-party, the Stroh Brewery Company, for the use of the beer brand "Rheingold" (the "License Agreement").

60. On October 27, 2005, plaintiff and Drinks entered into an Asset Purchase Agreement (the "APA"). A copy of the APA is annexed hereto and made a part of this Answer and Counterclaims as Exhibit 1.

61. The APA provided for the purchase by Drinks of some of plaintiff's assets, including all of the intellectual property rights held by plaintiff in connection with the use of the "Rheingold" trademark.

62. Pursuant to the APA, the trademark license was assigned to Drinks, which became and has been since then the sole licensee of the Rheingold trademark.

63. Notice of the sale of the license agreement by plaintiff to defendant was duly given to the owner of the trademark, Pabst Brewing America, who consented to such sale.

64. Under the APA, the purchase price for the assets of plaintiff was set at $1,150,000, payable in two installments, the first at closing ($650,000 comprised of defendant's stock) and the second to be delivered at the first anniversary thereof ($500,000 comprised of $150,000 cash and the balance of $350,000 in defendant's stock).

65. In October 2005, Drinks made the first payment and took possession of the purchased assets.

66. Drinks entered into the APA with RBCI based on representations and warranties made by RBCI.

67. Soon after October 2005, it appeared that RBCI had misrepresented the value of its assets, the amount of it liabilities, as well as the amount of its revenues.

68. RBCI misrepresented that it had a $25,000 deposit with FX Matt, as well as other accounts receivables which turned out to be non-existent for a total amount of $34,049.

69. RBCI also misrepresented its liabilities. The total liabilities listed by RBCI under Schedule B to the APA amounts to $170,446, including an amount of $23,102.22 for the assumed debt of RBCI to Manhattan Beer Distributors.

70. Manhattan Beer Distributors claims that it is owed not $23,102.22 but $115,534.45, and filed a lawsuit which is now pending in the Supreme Court of the State of New York against Drinks and RBCI to recover that amount, which increases the total amount of the allegedly assumed liabilities to $262,878.23, or a discrepancy of $92,432.23.

71. RBCI failed to defend the lawsuit brought by Manhattan Beer Distributors, titled Manhattan Beer Distributors v. RBCI Holdings, Supreme Court, Bronx County, Index No. 017776/2006 ("the Manhattan Beer lawsuit").

72. RBCI also misrepresented its net revenues to Drinks by using illegal accounting methods.

73. Prior to entering into the APA, RBCI had adopted the illegal accounting method of listing promotional expenses, such as free samples and other price supports, as revenue instead of as operational expenses.

74. By doing so, RBCI overstated the value of the assets sold to Drinks by approximately 40%, or at least $460,000.

75. The financial statements provided to Drinks by RBCI for due diligence review were misleading in that they contained materially false information, failed to disclose certain liabilities, and otherwise misrepresented RBCI's true financial condition.

76. The financial information provided to Drinks by RBCI showed that RBCI's value based on EBITDA was approximately $1,150,000 when, in fact, RBCI's true value amounted to no more than $690,000.

77. Drinks relied on these representations and was induced to believe that RBCI was more profitable, and hence more valuable, than it actually was.

78. Under Section 6.1 (d) of the APA, RBCI warranted that it had conducted business so as to comply in all material respects with all laws, statutes and rules.

79. Under section 8.1. of the APA, the obligations of Defendant Drinks are subject to satisfaction of certain conditions, including that the representations and warranties made by Seller under the APA are true and correct in all material respects at and as of the closing date.

80. Under section 9.1. of the APA, the agreement may be terminated by any party if the other party shall have materially breached the representations and warranties set forth in section 6 of the APA.

81. Plaintiff's representations of its assets, liabilities and profitability were false and misleading.

82. Plaintiff intentionally employed improper accounting methods so as to induce Drinks to purchase its assets at an unfair price.

83. Defendant relied on RBCI's misrepresentations to its detriment.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

84. Plaintiffs' amended complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

85. Plaintiff misrepresented the amount of its assets and liabilities as well as the amount of its revenues and its profitability in order to induce Drinks to purchase Plaintiff's assets at an unfair price.

86. Drinks reasonably relied on Plaintiff's misrepresentations and as a result purchased Plaintiff's assets at a price inflated by at least $586,481.23.

87. Plaintiff's claims are barred because the APA was induced by Plaintiff's fraud.

### THIRD AFFIRMATIVE DEFENSE

88. Plaintiffs' claims are barred by the doctrines of unclean hands, waiver and estoppel.

## COUNTERCLAIMS

Pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, Drinks, by its undersigned counsel, upon personal knowledge as to its actions and upon information and belief as to the actions of others, alleges the following:

### NATURE OF COUNTERCLAIMS

89. These counterclaims arise from an Asset Purchase Agreement ("APA") between defendant Drinks, as Buyer, and plaintiff RBCI, as Seller, entered into on October 27, 2005.

90. RBCI misrepresented the value of its company by employing improper accounting methods and by misrepresenting the amount of its assets and liabilities.

91. Drinks relied on RBCI's misrepresentations to purchase the assets of RBCI at an unfair price and suffered damages in an amount in excess of $586,481.23.

92. Defendant requests an order and final judgment of this Court rescinding the contract between the parties.

## JURISDICTION AND VENUE

93. This Court has jurisdiction over Drinks' counterclaims pursuant to 28 U.S.C. § 1332(a)(l), 1338(a) and 1367 and pursuant to 15 U.S.C. § ll25(a)(l).

## FIRST COUNTERCLAIM
(Breach of contract)

94. Defendant repeats and realleges paragraphs 1 through 93 above as if fully set forth herein.

95. Drinks has performed all its duties and obligations under the APA.

96. RBCI has breached its express duties and obligations under the APA by, *inter alia*, breaching the representations and warranties set forth in section 6 thereof, as well as misrepresenting the amount of its assets and liabilities.

97. Drinks has suffered damages due to RBCI's breaches of contract in an amount to be determined at trial.

## SECOND COUNTERCLAIM
(Breach of implied covenant of good faith and fair dealing)

98. Defendant repeats and realleges paragraphs 1 through 97 above as if fully set forth herein.

99. RBCI has breached the implied covenant of good faith and fair dealing under the APA by affirmatively seeking to deprive Drinks of the benefits to which it is entitled under the contract through numerous acts of bad faith, including, among other things, failing to defend the Manhattan Beer lawsuit, and making false and misleading statements about its financial condition, assets and liabilities, and by employing improper accounting methods.

## THIRD COUNTERCLAIM
(Equitable rescission)

100. Defendant repeats and realleges paragraphs 1 through 99 above as if fully set forth herein.

101. Plaintiff misrepresented the amount of its assets and liabilities as well as the amount of its revenues and its profitability in order to induce Drinks to purchase Plaintiff's assets at an unfair price.

102. Drinks reasonably relied on Plaintiff's fraudulent misrepresentations and as a result purchased Plaintiff's assets at an unfair price inflated by at least $586,481.23.

103. Drinks was fraudulently induced to sign the APA.

104. The APA should therefore be rescinded and Plaintiff should be ordered to repay Defendant the sum of $650,000 paid to RBCI under the APA.

## FOURTH COUNTERCLAIM
(Fraud)

105. Defendant repeats and realleges paragraphs 1 through 104 above as if fully set forth herein.

106. Plaintiff misrepresented the amount of its assets and liabilities as well as the amount of its revenues and its profitability in order to induce Drinks to purchase Plaintiff's assets

at an unfair price.

107. Drinks reasonably relied on Plaintiff's fraudulent misrepresentations and as a result purchased Plaintiff's assets at an unfair price.

108. Drinks has suffered damages as a direct consequence of Plaintiff's fraudulent misrepresentations, in an amount no less than $586,481.23.

## JURY DEMAND

109. Defendant/Counterclaim- Plaintiff demands a trial by jury on all issues so triable as of right.

**WHEREFORE**, Defendant, Drinks Americas Holdings, Ltd., demands judgment as follows:

A. Dismissing the amended complaint in its entirety with prejudice;

B. Rescinding the APA and ordering that Plaintiff repay Defendant the sum of $650,000 wrongfully paid for the acquisition of RBCI's assets; or in the alternative,

C. Awarding Defendant/Counterclaim-Plaintiff damages in the sum of $586,481.23, or such greater sum as is determined at trial;

D. Awarding Defendant/Counterclaim-Plaintiff pre-judgment and post-judgment interest at the lawful interest rate for such monetary awards; and

E. Awarding Defendant its costs, expenses, and reasonable attorneys' fees, including as prevailing parties under 17 U.S.C. § 505; and

F. Granting Defendant such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 10, 2008

LAW OFFICE OF SHELDON H. GOPSTEIN, ESQ.

By: s/ SHELDON H. GOPSTEIN
  Sheldon H. Gopstein (SG0682)

  Attorneys for Defendant

  130 West 42nd Street, Suite 410
  New York, NY 10036
  Tel. 212-363-2400