**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RBCI HOLDINGS, INC. f/k/a RHEINGOLD BREWING COMPANY, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　-against-<br><br>DRINKS AMERICAS HOLDINGS, LTD.,<br><br>　　　　　　　　Defendant. | *Document Filed Electronically*<br><br>**Civil Action No. 07-02877 (DC)**<br><br>**PLAINTIFF RBCI HOLDINGS, INC.'S ANSWER TO DRINKS AMERICAS HOLDINGS, LTD.'S COUNTERCLAIMS** |

Plaintiff RBCI Holdings, Inc., f/k/a Rheingold Brewing Company, Inc. ("Plaintiff or RBCI"), by its counsel, Troutman Sanders LLP, for its Answer to the Counterclaims in this action (the "Counterclaims") filed by Defendant Drinks Americas Holdings, Ltd. ("Defendant or Drinks") hereby responds in like numbered paragraphs as follows:

### RESPONSE TO DEFENDANT'S FACTS COMMON TO THE AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

**57.**　In response to the allegations set forth in Paragraph 57 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

**58.**　RBCI admits the allegations set forth in Paragraph 58 of the Counterclaims.

**59.**　RBCI admits the allegations set forth in Paragraph 59 of the Counterclaims.

**60.**　RBCI admits the allegations set forth in Paragraph 60 of the Counterclaims.

**61.**　In response to the allegations set forth in Paragraph 61 of the Counterclaims, RBCI denies the allegations contained therein and refers to the Asset Purchase Agreement for a true statement of its terms.

*62.*    RBCI admits that the Rheingold trademark license was assigned to Defendant pursuant to the APA.  In response to the remainder of the allegations set forth in Paragraph 62 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

*63.*    In response to the allegations set forth in Paragraph 63 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

*64.*    RBCI admits that the purchase price was to be paid in two installments.  In response to the remainder of the allegations set forth in Paragraph 64 of the Counterclaims, RBCI denies the allegations contained therein and refers to the Asset Purchase Agreement for a true statement of its terms.

*65.*    RBCI admits that the first installment of the purchase price was made in October 2005. In response to the remainder of the allegations set forth in Paragraph 65 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

*66.*    In response to the allegations set forth in Paragraph 66 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

*67.*    In response to the allegations set forth in Paragraph 67 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

*68.*    In response to the allegations set forth in Paragraph 68 of the Counterclaims, RBCI denies the allegations contained therein.

*69.*    In response to the allegations set forth in Paragraph 69 of the Counterclaims, RBCI denies the allegations contained therein and refers to the Asset Purchase Agreement for a true statement of its terms.

*70.*    In response to the allegations set forth in Paragraph 70 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

*71.*    RBCI admits that it has not filed an appearance in the lawsuit entitled <u>Manhattan Beer Distributors v. RBCI Holdings,</u> Index 017776/2006.   In response to the remainder of the allegations set forth in Paragraph 71 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

*72.*    In response to the allegations set forth in Paragraph 72 of the Counterclaims, RBCI avers that to the extent that the same are purely of a legal nature they require no response, and otherwise denies the allegations contained therein.

*73.*    In response to the allegations set forth in Paragraph 73 of the Counterclaims, RBCI avers that to the extent that the same are purely of a legal nature they require no response, and otherwise denies the allegations contained therein.

**74.**    In response to the allegations set forth in Paragraph 74 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

**75.**    In response to the allegations set forth in Paragraph 75 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

**76.**    In response to the allegations set forth in Paragraph 76 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

**77.**    In response to the allegations set forth in Paragraph 77 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

**78.**    In response to the allegations set forth in Paragraph 78 of the Counterclaims, RBCI denies the allegations contained therein and refers to the Asset Purchase Agreement for a true statement of its terms.

**79.**    In response to the allegations set forth in Paragraph 79 of the Counterclaims, RBCI denies the allegations contained therein and refers to the Asset Purchase Agreement for a true statement of its terms.

**80.**    In response to the allegations set forth in Paragraph 80 of the Counterclaims, RBCI denies the allegations contained therein and refers to the Asset Purchase Agreement for a true statement of its terms.

***81.*** In response to the allegations set forth in Paragraph 81 of the Counterclaims, RBCI denies the allegations contained therein.

***82.*** In response to the allegations set forth in Paragraph 82 of the Counterclaims, RBCI denies the allegations contained therein.

***83.*** In response to the allegations set forth in Paragraph 83 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

### RESPONSE TO DEFENDANT'S AFFIRMATIVE DEFENSES

Paragraphs 84 – 88 of the Counterclaims relate to Defendant's Affirmative Defenses to which no response is required.

### RESPONSE TO DEFENDANT'S COUNTERCLAIMS

***89.*** RBCI admits that it entered into an Asset Purchase Agreement with Defendant on October 27, 2005. In response to the remainder of the allegations set forth in Paragraph 89 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

***90.*** In response to the allegations set forth in Paragraph 90 of the Counterclaims, RBCI denies the allegations contained therein.

***91.*** In response to the allegations set forth in Paragraph 91 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

*92.*      In response to the allegations set forth in Paragraph 92 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

*93.*      In response to the allegations set forth in Paragraph 93 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

### RESPONSE TO DEFENDANT'S FIRST COUNTERCLAIM
### (BREACH OF CONTRACT)

*94.*      RBCI repeats and realleges the foregoing responses to paragraphs 57 – 93 of the Counterclaims as if fully set forth herein.

*95.*      In response to the allegations set forth in Paragraph 95 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

*96.*      In response to the allegations set forth in Paragraph 96 of the Counterclaims, RBCI avers that to the extent that the same are purely of a legal nature they require no response, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

*97.*      In response to the allegations set forth in Paragraph 97 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

## RESPONSE TO DEFENDANT'S SECOND COUNTERCLAIM
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

**98.**    RBCI repeats and realleges the foregoing responses to paragraphs 57 – 97 of the Counterclaims as if fully set forth herein.

**99.**    In response to the allegations set forth in Paragraph 99 of the Counterclaims, RBCI avers that to the extent that the same are purely of a legal nature they require no response, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

## RESPONSE TO DEFENDANT'S THIRD COUNTERCLAIM
### (EQUITABLE RESCISSION)

**100.**    RBCI repeats and realleges the foregoing responses to paragraphs 57 – 99 of the Counterclaims as if fully set forth herein.

**101.**    In response to the allegations set forth in Paragraph 101 of the Counterclaims, RBCI denies the allegations contained therein.

**102.**    In response to the allegations set forth in Paragraph 102 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

**103.**    In response to the allegations set forth in Paragraph 103 of the Counterclaims, RBCI avers that to the extent that the same are purely of a legal nature they require no response, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

NEWYORK01 1286630v2 041056-000002

*104.*    In response to the allegations set forth in Paragraph 104 of the Counterclaims, RBCI denies the allegations contained therein.

### RESPONSE TO DEFENDANT'S FOURTH COUNTERCLAIM
### (FRAUD)

*105.*    RBCI repeats and realleges the foregoing responses to paragraphs 57 – 104 of the Counterclaims as if fully set forth herein.

*106.*    In response to the allegations set forth in Paragraph 106 of the Counterclaims, RBCI denies the allegations contained therein.

*107.*    In response to the allegations set forth in Paragraph 107 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

*108.*    In response to the allegations set forth in Paragraph 108 of the Counterclaims, RBCI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves Defendant to its proofs.

### AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

### FIRST AFFIRMATIVE DEFENSE

*109.*    The Counterclaims fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

*110.*    The Counterclaims and the causes of action recited therein are barred under the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

*111.*    The Counterclaims and the causes of action recited therein are barred under the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

*112.*    The Counterclaims and the causes of action recited therein are barred under the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

*113.*    The Counterclaims and the causes of action recited therein are barred under the doctrine of acquiescence.

### SIXTH AFFIRMATIVE DEFENSE

*114.*    Defendant proceeded with unclean hands by bringing the Counterclaims against RBCI.

### SEVENTH AFFIRMATIVE DEFENSE

*115.*    Defendant has not sustained any damages due to acts or omissions of RBCI.

### EIGHTH AFFIRMATIVE DEFENSE

*116.*    The Counterclaims and the causes of action recited therein are barred under the statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

*117.*   Any damage or loss sustained by Defendant was occasioned by Defendant's own negligence, reckless conduct, fraudulent conduct, and/or intentional misconduct, for which RBCI is not liable.

## PRAYER FOR RELIEF

**WHEREFORE**, RBCI prays for relief and respectfully requests that the Court:

a)   Dismiss the Counterclaims filed by Defendant;

b)   Award to RBCI full costs for the defense against the Counterclaims filed by Defendant, including attorney fees; and

c)   Award to RBCI any further relief as justice may require, or as this Court deems necessary.

Respectfully submitted,

**Dated:**   May 16, 2008       **TROUTMAN SANDERS LLP**
New York, New York

By:  s/ Oren J. Warshavsky
        David J. Sheehan, Esq.
        Oren J. Warshavsky, Esq.
        Jason S. Oliver, Esq.

The Chrysler Building
405 Lexington Avenue
New York, NY  10174
Telephone: (212) 704-6000
Facsimile: (212) 704-5936
e-mail: oren.warshavsky@troutmansanders.com

*Attorneys for Plaintiff RBCI Holdings, Inc.*